## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JAIME SANCHEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

## I.   INTRODUCTION

1.       This is an insurance coverage and bad faith case. On June 6, 2019, Plaintiff filed his Original Petition in Cause No. 2019-39236 in the 61st Judicial District Court of Harris County, Texas, initiating a civil cause of action against Defendant. Exhibit D.

2.       Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3.       Plaintiff alleges multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; and non-compliance with Chapter 541 of the Texas Insurance Code and "bad faith." Plaintiff further alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind,

penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit D at ¶ 4.

4.     Allstate received the Citation and Plaintiff's Original Petition by process server on or about June 20, 2019. Allstate filed its Original Answer to Plaintiff's Original Petition on July 15, 2019. Exhibit F.

5.     Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Harris County state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Viable Parties.

7.     According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Harris County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.     Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a

---

**DEFENDANT'S NOTICE OF REMOVAL**

**PAGE 2**

120009154.1

citizen of the State of Illinois.

**B.      The Amount in Controversy Exceeds $75,000.**

9.      Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit D at ¶ 4. Thus, should Plaintiff prevail on his claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.      VENUE

10.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 61st Judicial District Court of Harris County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.      PROCEDURAL REQUIREMENTS

11.      Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Civil Process Request filed in the 61st Judicial District Court of Harris County, Texas on June 6, 2019 |
| D. | Plaintiff's Original Petition filed in the 61st Judicial District Court of Harris County, Texas on June 6, 2019 (Cause No. 2019-39236) |
| E. | Return of Service of Allstate Vehicle and Property Insurance Co.'s Citation |
| F. | Defendant Allstate Vehicle and Property Insurance Company's Original Answer to Plaintiff's Original Petition filed in the 61st Judicial District Court of Harris County, Texas on July 15, 2019 (Cause No. 2019-39236) |

DEFENDANT'S NOTICE OF REMOVAL

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| G. | List of Counsel of Record |

12.     This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

13.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 61st Judicial District Court of Harris County, Texas promptly after filing of same.

## V.     <u>CONCLUSION</u>

16.     Allstate respectfully requests that the above-captioned action now pending in 61st Judicial District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,


*/s/ Susan E. Egeland*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
Southern District No. 5450
rambindocket@dbr.com

OF COUNSEL:
SUSAN E. EGELAND
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
Southern District No. 3008974
sara.inman@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on July 17, 2019.

   Noah M. Wexler
   nwexler@arnolditkin.com
   Roland Christensen
   rchristensen@arnolditkin.com
   Jake Balser
   jbalser@arnolditkin.com
   Jacob Karam
   jkaram@arnolditkin.com
   Adam Lewis
   alewis@arnolditkin.com
   e-service@arnolditkin.com
   ARNOLD & ITKIN LLP
   6009 Memorial Drive
   Houston, Texas 77007

           */s/ Susan E. Egeland*
           SUSAN E. EGELAND

---

**DEFENDANT'S NOTICE OF REMOVAL**